PER CURIAM.
We affirm the trial court’s order of contempt. The trial court found the former husband in contempt for failing to maintain the amount of life insurance required under the property settlement agreement and final judgment of dissolution of marriage. It then ordered the former husband either to secure the insurance or to deposit cash of an equivalent amount in an account for the former wife’s benefit, should he predecease her. The former husband contends that the final judgment did not provide for alimony or other support for the wife. Thus, he argues, the life insurance was a part of equitable distribution of property, and a breach of the obligation was not enforceable by contempt. To the contrary, the former wife argued at trial that the provision of life insurance was in the nature of support. Based upon the evidence presented, the trial court did not abuse its discretion in determining that the life insurance provision was a support obligation enforceable by contempt.[1] We reject the other arguments made by the former husband, as the court acted within its discretion.

Affirmed.

WARNER, STEVENSON, JJ„ and STONE, BARRY J., Senior Judge, concur.

. Of course, as the former husband pointed out at the final hearing, if it is an obligation of support, it is modifiable. Earlier in the proceeding, the former husband petitioned for modification to end the life insurance premiums because of his total disability. The wife defended, claiming the life insurance was part of an equitable distribution scheme and thus not modifiable. The husband then voluntarily dismissed his petition, and the former wife began these contempt proceedings, taking the contrary position that the insurance was a support provision and thus enforceable by contempt. Principles of judicial estoppel would preclude the former wife from maintaining in any subsequent proceedings that the insurance provision was part of equitable distribution of property and thus not modifiable. See Blumberg v. USAA Cas. Ins. Co., 790 So.2d 1061, 1066-67 (Fla.2001).